JOSEPH D. CROWELL *vs.* JOHN GOODWIN.

A tax title under Rev. Sts. *c.* 8, §§ 28, 29, is not valid unless it appears by the collector's deed or otherwise that the land was so divided that no greater portion thereof was sold than was necessary to satisfy the tax and intervening charges, or that it could not be conveniently divided to that extent.

WRIT OF ENTRY, to recover possession of a lot of land in South Reading. After the demandant had made out a *prima facie* case, at the trial in the superior court, the tenant introduced in evidence a collector's deed of the premises, dated May 21, 1850, to Harris Pratt, who afterwards conveyed the same to the tenant. The collector's deed recited, in substance, that a tax of $1.43 had been assessed against William Page, upon a lot of land, which was described; that the tax list was committed to him, and the tax was unpaid; that after due public notice by advertisements and otherwise, "it being my opinion that the said real estate could be conveniently divided, and a part thereof set off without injuring the residue, I offered so much of said real estate as is hereinafter described for sale, and the sum of seven dollars was accordingly bid therefor by Harris Pratt," "and no person having offered any higher sum, the said land was struck off to him;" and accordingly a lot, containing 18,344 square feet, being the demanded premises, and a portion of the land on which the tax was assessed, was conveyed to said Pratt. There was evidence tending to show that Pratt and the tenant were afterwards in possession of the premises, and paid taxes thereon.

Upon this evidence, *Morton*, J. ruled that the tenant had failed to establish a title under the collector's deed, and a verdict was returned for the demandant, and the case was reported for the determination of this court.

*F. A. Brooks*, for the demandant.

*A. V. Lynde*, for the tenant.

BIGELOW, C. J. The validity of the tenant's title depends on the question whether the sale of the estate for taxes by the collector was made in conformity to the requisitions of law. If the

statute power was not rightly executed, no title passed by the collector's deed.

A collector, by Rev. Sts. *c.* 8, §§ 28, 29, in selling real estate for non-payment of taxes, was authorized to adopt only one of two courses. If an estate was capable of division, he might sell so much thereof as would be sufficient to discharge the taxes and intervening charges. But if, in his opinion, a parcel of real estate could not be conveniently divided, and a part thereof set off without injury to the residue, he might in such case sell the whole of the land. The plain intent of these provisions was to restrict the power of the collector, so that he could sell only so much as was requisite to raise the necessary sum, in all cases where the land was capable of division without impairing the value of the residue. He could not, therefore, offer for sale the whole of an estate on which a tax had been laid, or any specific part of it designated and selected by himself, unless he was of opinion that the whole or the specific part could not be conveniently divided without injury to the portion which would be left after the lot sold had been set off. It is true that the statute did not in terms provide for the case of an estate the whole of which could be properly divided, but the parts into which it could be divided could not in their turn be further divided without injury. But an authority to sell the whole of a part which could not be further divided resulted by necessary implication, because a different construction of the authority conferred on the collector would lead to an unnecessary injury to the property by making a division of an estate which could not be advantageously improved in parts. On the other hand, if an estate could be judiciously divided into several parts, each of which would be sufficient to produce the sum due for taxes and charges, then it was the duty of the collector to make such division, and to sell only such part as could not be further divided without injury to the remaining portion. If, for example, a collector was about to raise a sum sufficient to pay a tax assessed on a farm, with the necessary charges, by a sale of the land, and he was of opinion that the farm could be conveniently divided, he could not in such case sell the whole. What portion could he sell? Clearly only such part

Crowell *v.* Goodwin.

as would produce the requisite sum, and could not be further divided without injury. He could not sell one half of the farm, unless it appeared that no further division was practicable without impairing the value of the residue of that half. His duty was to make such division of the estate as would enable him to offer for sale a parcel which could not be further divided without injury, and at the same time would produce sufficient to pay the tax and necessary charges.

In the case at bar, it does not appear by the collector's deed or otherwise that the piece of land which the collector sold could not have been further divided, and the necessary sum raised by a sale of a smaller portion, without causing injury to the residue of the property. The collector certifies that the whole estate was capable of division without injury; he divided it accordingly. But after such division, he had no right to sell the whole of one of the parts, unless that part in its turn could not be further divided without injury to the residue. In the absence of any certificate that the part sold by him was incapable of division, there is nothing to show that he acted within the scope of his authority. On the contrary, the recital in the deed is open to the inference that he sold land which could have been divided further without injury, and from the sale of a part of which, after such division, he could have raised a sum sufficient to discharge the tax and legal costs. The tenant therefore fails to show a valid title by his deed.

It may be well to add, that a material change seems to have been made by Gen. Sts. *c.* 12, § 33, in the authority of the collector in selling real estate for non-payment of taxes; it being left entirely to his option whether to sell the whole or only a part of the estate.     *Judgment for the demandant.*